UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CRANE SECURITY TECHNOLOGIES, INC., and VISUAL PHYSICS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ROLLING OPTICS AB<br><br>Defendant. | **Civil Action No. 14-12428**<br><br>**JURY DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

1. This is an action for infringement and/or inducement of infringement by the Defendant of five United States patents. These patents relate generally to optical systems that project synthetic images that "move" and that include image icons formed as voids or recesses. Such optical systems are extremely useful as anti-counterfeiting features on currency. For example, the new United States $100 bill uses such a system covered by the patents in suit and supplied by the plaintiff Crane. These optical systems are also used in over twenty currencies and fifty denominations outside the United States.

## PARTIES

2. Plaintiff Crane Security Technologies, Inc. ("Crane") is a New Hampshire corporation with a principal place of business at One Cellu Drive, Nashua, New Hampshire 03063. Crane is a wholly-owned subsidiary of Crane & Co., Inc., which has been headquartered in Massachusetts for over 200 years and is the exclusive supplier of banknote paper for United

States currency and also supplies other counterfeit-deterrent banknote papers and security devices used around the world.  Crane is the exclusive licensee of the patents in suit.

3. Plaintiff Visual Physics, LLC ("Visual Physics") is a Georgia corporation with a principal place of business at 1245 Old Alpharetta Road, Alpharetta, Georgia 30005.  Visual Physics is a wholly-owned subsidiary of Crane and the owner of the patents in suit.  Visual Physics was acquired by Crane in 2008 for Crane to continue to provide new anti-counterfeiting measures for U.S. currency and other banknotes and secure documents.

4. Upon information and belief, defendant Rolling Optics AB ("Rolling Optics") is a company organized under the laws of Sweden with a principal place of business at Solna Strandväg 3, 171 54 Solna-Stockholm, Sweden.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c)(3), and/or 1400(b).  Upon information and belief, Rolling Optics has transacted business and committed acts of infringement and induced infringement in the United States by, among other activities, marketing, offering to sell, selling, and supplying knowingly infringing micro-optic films for use and sale throughout the United States.  This action arises from the transaction of that business and infringement.

7. This Court has personal jurisdiction over Rolling Optics pursuant to Federal Rule of Civil Procedure 4(k)(2).  Exercising jurisdiction is consistent with the United States Constitution and laws.  Upon information and belief, Rolling Optics is not subject to jurisdiction in any state's courts of general jurisdiction.

## CRANE'S PATENTS

8. Crane is the exclusive licensee of U.S. Patent No. 8,120,855 (the "'855 Patent") entitled "Micro-Optic Security and Image Presentation System for a Security Device," which was duly and legally issued on February 21, 2012.

9. Crane is the exclusive licensee of U.S. Patent No. 8,111,462 (the "'462 Patent") entitled "Micro-Optic Security and Image Presentation System," which was duly and legally issued on February 7, 2012.

10. Crane is the exclusive licensee of U.S. Patent No. 8,009,360 (the "'360 Patent") entitled "Micro-Optic Security and Image Presentation System Presenting a Synthetically Magnified Image That Appears To Lie Above a Given Plane," which was duly and legally issued on August 30, 2011.

11. Crane is the exclusive licensee of U.S. Patent No. 8,254,030 (the "'030 Patent") entitled "Micro-Optic Security and Image Presentation System Presenting a Synthetically Magnified Image That Appears To Lie Below a Given Plane," which was duly and legally issued on August 28, 2012.

12. Crane is the exclusive licensee of U.S. Patent No. 7,468,842 (the "'842 Patent") entitled "Image Presentation and Micro-Optic Security System," which was duly and legally issued on December 23, 2008.

13. The '855, '462, '360, '030, and '842 Patents are owned by Visual Physics, which is wholly-owned by Crane, which practices the patents. This practice includes developing and supplying anti-counterfeiting optical systems for currency including the new U.S. $100 bill. Given the patents' authorized use for currency anti-counterfeiting, it is important for currency

legitimacy and integrity that the patented anti-counterfeiting measures themselves not be (or appear to be) compromised or diminished by infringing uses.

### ROLLING OPTICS' INFRINGEMENT AND INDUCEMENT OF INFRINGEMENT

14. Upon information and belief, Rolling Optics makes, offers for sale, and sells infringing optical systems that project synthetic images that "move" and that include image icons formed as voids or recesses, including micro-optic films with three-dimensional optical effects intended for use on security labels and stickers for certain consumer goods such as fashionable footwear and cognac.

15. Crane notified Rolling Optics of its infringement of Crane's patents by these activities by letter on April 26, 2010 and several times subsequently in correspondence between Crane's counsel in Massachusetts and Rolling Optics and its U.S. counsel.

16. On December 21, 2012, Crane's counsel identified for Rolling Optics specific infringed claims, including claims 95, 96, and 109 of the '855 Patent; claims 158 and 161 of the '462 Patent; claims 73 and 76 of the '360 Patent;  claims 175 and 181 of the '030 Patent; and claim 76 of the '842 Patent.

17. Each of these claims is directed to a system or device or image icons; none of these claims is directed to a method that requires a step by a consumer.

18. Upon information and belief, Rolling Optics has had notice of the patents in suit and that its products infringe each of these patents, and Rolling Optics knew and knows that offering for sale, sale, use, and/or importation of its products in the United States infringes the '855, '462, '360, '030, and '842 Patents.

19. Upon information and belief, Rolling Optics is offering for sale, selling and/or has offered for sale and/or sold infringing products—including without limitation film for security

labels and stickers for UGG Australia footwear, Mondeléz International chocolates, Bacardi Bombay Sapphire gin, and Hennessy Very Superior Old Pale (VSOP) Kyrios Limited Edition cognac—knowing and intending that infringing products would be imported into, used, offered for sale, and/or sold in the United States.

20. Upon information and belief, Rolling Optics is offering for sale and selling and/or has offered for sale and/or sold infringing products to companies based in the United States—including, without limitation, CMR Associates, LLC, a corporation based in Fairfield, Connecticut; and Moët Hennessy, USA, Inc., a leading importer and marketer of luxury wines, spirits and champagnes in the United States, based in New York, New York—knowing and intending that the infringing products would be imported into, used, offered for sale, and/or sold in the United States.

21. Upon information and belief, Rolling Optics has promoted and offered for sale and continues to promote and offer for sale its infringing products for use, offer for sale, and sale in the United States—including without limitation through its application for a United States trademark, (English language) website, Facebook account, Twitter account, LinkedIn account, and communication with businesses known to sell products in the United States.

**FIRST CLAIM FOR RELIEF**
(The '855 Patent)

22. Plaintiffs incorporate the allegations contained in the preceding paragraphs as if fully set forth here.

23. Rolling Optics is infringing, has infringed, and has induced infringement of the '855 Patent, including without limitation, by making, using, selling and offering for sale micro-optic films with three-dimensional optical effects.

24. Upon information and belief, Rolling Optics' infringement has been and continues to be willful and deliberate.

25. As a result of Rolling Optics' infringement, Crane and Visual Physics will suffer severe and irreparable harm, unless infringement is enjoined by this Court, and have suffered substantial damages.

## SECOND CLAIM FOR RELIEF
(The '462 Patent)

26. Plaintiffs incorporate the allegations contained in the preceding paragraphs as if fully set forth here.

27. Rolling Optics is infringing, has infringed, and has induced infringement of the '462 Patent, including without limitation, by making, using, selling and offering for sale micro-optic films with three-dimensional optical effects.

28. Upon information and belief, Rolling Optics' infringement has been and continues to be willful and deliberate.

29. As a result of Rolling Optics' infringement, Crane and Visual Physics will suffer severe and irreparable harm, unless infringement is enjoined by this Court, and have suffered substantial damages.

## THIRD CLAIM FOR RELIEF
(The '360 Patent)

30. Plaintiffs incorporate the allegations contained in the preceding paragraphs as if fully set forth here.

31. Rolling Optics is infringing, has infringed, and has induced infringement of the '360 Patent, including without limitation, by making, using, selling and offering for sale micro-optic films with three-dimensional optical effects.

32. Upon information and belief, Rolling Optics' infringement has been and continues to be willful and deliberate.

33. As a result of Rolling Optics' infringement, Crane and Visual Physics will suffer severe and irreparable harm, unless infringement is enjoined by this Court, and have suffered substantial damage.

## FOURTH CLAIM FOR RELIEF
(The '030 Patent)

34. Plaintiffs incorporate the allegations contained in the preceding paragraphs as if fully set forth here.

35. Rolling Optics is infringing, has infringed, and has induced infringement of the '030 Patent, including without limitation, by making, using, selling and offering for sale micro-optic films with three-dimensional optical effects.

36. Upon information and belief, Rolling Optics' infringement has been and continues to be willful and deliberate.

37. As a result of Rolling Optics' infringement, Crane and Visual Physics will suffer severe and irreparable harm, unless infringement is enjoined by this Court, and have suffered substantial damage.

## FIFTH CLAIM FOR RELIEF
(The '842 Patent)

38. Plaintiffs incorporate the allegations contained in the preceding paragraphs as if fully set forth here.

39. Rolling Optics is infringing, has infringed, and has induced infringement of the '842 Patent, including without limitation, by making, using, selling and offering for sale micro-optic films with three-dimensional optical effects.

40. Upon information and belief, Rolling Optics' infringement has been and continues to be willful and deliberate.

41. As a result of Rolling Optics' infringement, Crane and Visual Physics will suffer severe and irreparable harm, unless infringement is enjoined by this Court, and have suffered substantial damage.

**WHEREFORE**, Crane and Visual Physics request that the Court:

42. adjudge that Visual Physics is the owner and Crane is the exclusive licensee of the '855, '462, '360, '030, and '842 Patents with right to recovery thereunder, and that each of these patents is good and valid in law and enforceable;

43. adjudge that Rolling Optics is infringing, has infringed, and has induced infringement of the '855, '462, '360, '030, and '842 Patents, and that such infringement has been willful and deliberate;

44. permanently enjoin Rolling Optics, its officers, directors, employees, agents, parent and subsidiary corporations, affiliates, licensees, successors, assigns, and all persons in concert with them, from further infringement and inducement of infringement of the '855, '462, '360, '030, and '842 Patents;

45. award Crane and Visual Physics compensatory damages, plus pre-judgment and post-judgment interest accrued on such amounts as provided by law;

46. treble the damages assessed against Rolling Optics pursuant to 35 U.S.C. § 284;

47. award Crane and Visual Physics their costs and reasonable attorneys' fees under 35 U.S.C. § 285; and

48. award Crane and Visual Physics such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Crane and Visual Physics claim a trial by jury on all issues so triable.

Dated: June 9, 2014

Respectfully submitted,

CRANE SECURITY TECHNOLOGIES, INC., and VISUAL PHYSICS, LLC

By their attorneys,

/s/  *Wayne L. Stoner*
Wayne L. Stoner (BBO# 548015)
Sydenham B. Alexander, III (BBO# 671182)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Mary R. Bonzagni (BBO# 553771)
Holland & Bonzagni, PC
Longmeadow Professional Park
171 Dwight Road, Suite 302
Longmeadow, MA  01106
Telephone: (413) 567-2076
Facsimile: (413) 567-2079