UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| CRANE SECURITY TECHNOLOGIES, INC. and VISUAL PHYSICS, LLC,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ROLLING OPTICS AB,<br><br>　　　　Defendant. | Civil Action No. 14-12428-LTS |

MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION TO COMPEL

June 12, 2015

SOROKIN, J.

Plaintiffs move to compel raising three general issues.

First, the parties dispute the scope of discovery. Defendant has agreed to produce documents that relate to all of the products that Plaintiffs have specifically accused of infringing. It has also agreed to produce documents relating to all products that, to its knowledge, have ever been sold or offered for sale in, or imported into the United States. Nonetheless, Plaintiffs seek more: they request discovery regarding all of Defendant's products without any limitation and without identification that any such further products actually ever reached the United States in any form. Plaintiffs seek too much. Insofar as Plaintiffs seek more documents, the request is DENIED. See Fed. R. Civ. P. 26(b).

Second, Defendant did not waive the attorney-client privilege. Counsel "did not provide confidential advice . . .[in either the letter or the memo] but, rather, merely helped to advocate

[Defendant's] position" to its customers.  In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.), 348 F.3d 16, 23 (1st Cir. 2003).  Moreover, non-express waivers turn on "fairness concerns."  Id. at 24; cf. Fed. R. Civ. P. 1.  Here, no such concerns warrant finding waiver.  Defendant expressly disavows relying upon the letter or an advice of counsel defense in its substantive litigation positions.  Plaintiffs' request to find a waiver of the privilege is DENIED.

Third, Plaintiffs complain about Defendant's responses to a number of written discovery requests broadly concerning financial information from the Defendant.  The Court's ruling on the first issue narrows the areas of dispute between the parties regarding these requests.  The Court declines to address the remaining disputes regarding individual written discovery requests because the memorandum in support does not comply with Local Rule 37.1(b)(4) and (5).  While that provision of the Rule has no application to the first two issues raised by the Motion to Compel, it applies directly to Plaintiffs' contentions that Defendant has not responded as required to specific discovery requests.

Finally, the Court notes that Plaintiffs seek to compel responses to at least one request (see Docket #56 at 2, ¶ 7 regarding Request #69) to which Defendant reports it interposed no objection (see Docket #59 at 17), a point Plaintiffs appear to implicitly concede (see Docket #63 omitting mention of Request #69).

For the foregoing reasons, the Motion to Compel (Docket #56) is DENIED except that the DENIAL IS WITHOUT PREJUDICE regarding the written discovery requests falling into the third category.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge