UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CRANE SECURITY TECHNOLOGIES, INC., and VISUAL PHYSICS, LLC,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>ROLLING OPTICS AB,<br><br>Defendant/Counterclaimant. | CIVIL ACTION<br>Docket No: 1:14-cv-12428-LTS |

**THIRD AMENDED PRELIMINARY INVALIDITY AND NONINFRINGEMENT CONTENTIONS OF ROLLING OPTICS AB**

Pursuant to Local Rule 16.6 and the Court's scheduling order dated February 8, 2015, defendant/counterclaimant Rolling Optics AB ("Rolling Optics") submits these Third Amended Preliminary Invalidity and Noninfringement Contentions with respect to the claims in the patents being asserted by plaintiffs.

**Introduction**

On March 26, 2015, plaintiffs served a three page disclosure of their preliminary infringement contentions, which lacked any specificity apart from the most general assertions about certain claims allegedly being infringed by certain products. Rolling Optics responds to that filing with these preliminary disclosures regarding the invalidity of each of the asserted claims, and, to the extent that specific claims have been asserted against specific products, with preliminary disclosures about its non-infringement contentions.

The following contentions are submitted without prejudice to any arguments that Rolling Optics may make in the course of briefing on claim construction issues. As indicated below, Rolling Optics contends that certain claim terms are indefinite or unsupported by written

{W4985535.3}

description.  Accordingly, Rolling Optics has made assumptions about the possible construction of indefinite and/or disputed terms, but it has done so without conceding that any claim language satisfies the requirements of § 112.  Moreover, as the claims have not been construed, Rolling Optics asserts prior art against the validity of claims without prejudice to its positions with respect to non-infringement of those same claims.

## Preliminary Invalidity Contentions

Rolling Optics refers to the following prior art references in these contentions:

| Code | Prior Art |
|---|---|
| A | Drinkwater US 5,712,731 |
| B | Florczak US 6,288,842 |
| C | Matsumoto JP 2001055000 |
| D | Hutley GB 2,362,493 |
| E | Kaule US 4,892,336 |
| F | Ryan WO 01/11591 |
| G | Dona 6,381,071 |
| H | Rowland US 3,357,772 |
| I | Knop US 4,417,784 |
| J | Becker US 4,765,656 |
| K | Lu US 5,254,390 |
| L | Yamatsukusu JP 10-035083 |
| M | Oshima JP 2003039583 |
| N | Reiter US 20030031861 |
| O | Paugstadt WO1999039221 |
| P | Rosenthal US 5,642,226 |
| Q | Steenblik US 7,221,512 |
| R | Heckenkamp EP 0318717 |
| S | Steenblik US 7,006,294 |
| T | Steenblik et al., "Unison micro-optic security film" (2004) |
| U | Steenblik et al., "Advantages of Micro-Optics over Holograms for Document Authentication" (2002) |
| V | Steenblik US 5,503,902 |
| W | Kammerer DE 101 00 692 |
| X | Abdel-Kader US 5,460,679 |
| Y | Coca Cola mouse pad (copyright 1996) |
| Z | 1998 Grafika calendar |
| AA | Rowland US 3,312,006 |
| BB | Rowland US 3,357,773 |
| CC | Scarbrough US 6,833,960 |
| DD | Commander US 7,830,627 |

Rolling Optics will supplement this list and the related contentions as it continues to locate prior art relevant to the invalidity of plaintiffs' patents.

Rolling Optics asserts preliminarily that the following claims are invalid for at least the reasons set forth in the table below[1]:

| Patent | Claim | Invalidity Defenses |
|---|---|---|
| 842 | 57 | § 102: G, H, I, AA, BB, DD |
|  | 58 | § 102: H, I, AA, BB, DD |
|  | 59 | § 102: BB, DD |
|  | 76 | § 102: G, AA<br>§ 103: A or C or H in view of I or N or P or Q or R or (U and V) |
|  | 77 | § 103: A or C in view of I or N or P or Q or R or (U and V) |
|  | 78 | § 102: G<br>§ 103: A or C or H in view of I or N or P or Q or R or (U and V) |
|  | 79 | § 103: A or C or H in view of I or N or P or Q or R or (U and V) |
|  | 80 | § 102: G<br>§ 103: A or C or H in view of I or N or P or Q or R or (U and V) |
|  | 81 | § 112: indefinite ("recesses forming voids," "optionally")<br>§ 102: H<br>§ 103: A or C or H in view of I or N or P or Q or R or (U and V) |
|  | 82 | § 103: A or C or H in view of I or N or P or Q or R or (U and V) |
|  | 83 | § 102: G<br>§ 103: A or C or H in view of I or N or P or Q or R or (U and V) |
|  | 85 | § 103: A or C or H in view of I or N or P or Q or R or (U and V) |
|  | 90 | § 102: G |
| 360 | 42 | § 112: indefinite ("substantially regular array spacing between a substantial number of image icons within at least a portion of the image icon array," "above a given plane")<br>§ 102: A or B or C or D or E or G or CC |
|  | 43 | § 112: indefinite ("substantially regular array spacing between a substantial number of image icons within at least a portion of the image icon array," "above a given plane") § 102: A or B or C or D or E or G or CC |
|  | 44 | § 112: indefinite ("substantially regular array spacing between a substantial number of image icons within at least a portion of the image icon array," "above a given plane") § 102: A or B or C or D or G |
|  | 45 | § 112: indefinite ("substantially regular array spacing between a substantial number of image icons within at least a portion of the image icon array," "above a given plane")<br>§ 102: A or D |
|  | 62 | § 112: indefinite ("substantially regular array spacing between a substantial number of image icons within at least a portion of the image icon array," "above a given plane")<br>§ 102: A or B or C |
|  | 63 | § 112: indefinite ("substantially regular array spacing between a substantial number of |

---

[1] It should be understood that any claim considered invalid under § 102 is also considered obvious and invalid under § 103.

| | | |
|---|---|---|
| | | image icons within at least a portion of the image icon array," "above a given plane") <br> § 102: A |
| | 73 | § 112: indefinite ("above a given plane") <br> § 103: A or C or H in view of I or N or P or Q |
| | 74 | § 112: indefinite ("above a given plane") <br> § 102: H or AA; if "shaped posts" are formed by printing, then § 102: A or C or D or E or K or L or CC |
| | 76 | § 112: indefinite ("above a given plane") <br> § 102: G or H or AA; if "shaped posts" are formed by printing, then § 102: A or C or D or E or K or L or CC |
| 462 | 159 | § 102: H or AA; if "shaped posts" are formed by printing, then § 102: A or C or D or E |
| | 161 | § 102: H or AA; if "shaped posts" are formed by printing, then § 102: A or C or D or E |
| 855 | 56 | § 112: indefinite ("substantially regular array spacing between a substantial number of image icons within the array") <br> § 102: G |
| | 63 | § 112: indefinite ("substantially regular array spacing between a substantial number of image icons within the array") <br> § 102: A or E or F or G |
| | 67 | § 103: DD |
| | 87 | § 112: indefinite ("substantially regular array spacing between a substantial number of image icons within the image icon array") <br> § 102: A or E |
| | 88 | § 112: indefinite ("substantially regular array spacing between a substantial number of image icons within the image icon array") <br> § 102: A or E |
| | 95 | § 102: G |
| | 97 | § 102: G; if "shaped posts" are formed by printing, then § 102: A or E or F |
| | 109 | § 102: G; if "shaped posts" are formed by printing, then § 102: A or E or F |
| 030 | 167 | § 112: indefinite ("at least a portion of the array of image icons is arranged in a pattern," "below a given plane") <br> § 102: AA |
| | 175 | § 112: indefinite ("below a given plane") <br> § 102: AA |
| | 176 | § 112: lacks written description; indefinite ("below a given plane," "constant distance between each image icon/focusing element within at least a portion of the array") <br> § 102: AA |
| | 177 | § 112: indefinite ("below a given plane") <br> § 102: H, AA; if "shaped posts" are formed by printing, then § 102: A or C or D or E or F or CC |
| | 181 | § 112: indefinite ("below a given plane") <br> § 102: G, H, AA; if "shaped posts" are formed by printing, then § 102: A or C or D or E or F or CC |
| | 194 | § 112: indefinite ("below a given plane," "used in conjunction with printed information," "spatial or dynamic relationship to each other") <br> § 102: A or C or D or E or F or G or H or P or W or X or Y or Z or AA |

**Preliminary Non-Infringement Contentions**

Rolling Optics addresses each of the products identified by plaintiffs in their infringement contentions. To the extent that plaintiffs supplement their contentions, Rolling Optics will supplement these responses.

**1. VSOP Kyrios label: '030 patent, claim 194**

As indicated above, this claim is so broad that it is clearly invalid as anticipated by any one of eleven different prior art patents and the manufacture and sale of at least two products practicing the claimed invention in the United States as early as 1996, and invalid as indefinite.

Rolling Optics did not offer, sell or import any VSOP Kyrios labels in the United States, and therefore, did not directly infringe claim 194. It sold and shipped the labels to its customer in France. "It is the general rule under United States patent law that no infringement occurs when a patented product is made and sold in another country." *Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437, 441, 127 S.Ct. 1746, 1750 (2007); *see* Power *Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1371–1372 (Fed. Cir. 2013) (a patentee is not entitled to damages for sales consummated in foreign markets; foreign exploitation of a patented invention is not infringement at all).

Moreover, Rolling Optics did not induce infringement by any other (as yet unidentified) party. "To prevail on inducement, the patentee must show, first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Kyocera Wireless Corp. v. ITC,* 545 F.3d 1340, 1353–1354 (Fed.Cir.2008) (internal quotation marks omitted). At the time Rolling Optics sold the accused labels to Hennessey in France (May 11, 2012), the '030 patent had not even issued. Thus, Rolling Optics could not have had the requisite intent to induce infringement, as a matter of law.

### 2. UGG label: '360 patent, claim 76

As indicated above, this claim is also so broad that it is clearly invalid as anticipated, and invalid as indefinite.

First, Rolling Optics did not sell or import any products bearing the UGG label. Instead, it manufactured and sold, in Sweden, the foil used for part of the UGG label. Because it did not offer, sell or import any UGG foils in the United States, Rolling Optics did not directly infringe claim 76.

Second, Rolling Optics was not aware of the '360 patent, which issued on August 30, 2011, during the time that it sold foils to CMR, nor was it "willfully blind" to that patent's existence. Accordingly, Rolling Optics could not have induced infringement of the '360 patent.

### 3. Blu Giovello label: '030 patent, claim 194

As indicated above, this claim is so broad that it is clearly invalid as anticipated by any one of eleven different prior art patents and the manufacture and sale of at least two products practicing the claimed invention in the United States as early as 1996, and invalid as indefinite.

Rolling Optics did not offer, sell or import any Blu Giovello labels in the United States, and therefore, did not directly infringe claim 194. It sold and shipped the labels to its customer in Italy.

Rolling Optics did nothing to encourage or induce Piera Martellezzo S.p.A. to sell, offer to sell or import the Blu Giovello products in the United States.

Finally, Rolling Optics was not aware that the Blu Giovello products were going to be sold in or imported into the United States. Accordingly, Rolling Optics did not induce infringement of the '030 patent.

### 4. Luna di Luna label: '360 patent, claim 76

As indicated above, this claim is also so broad that it is clearly invalid as anticipated, as well as being indefinite.

Rolling Optics did not offer, sell or import any Luna di Luna labels in the United States, and therefore, did not directly infringe claim 76.  It sold and shipped the labels to its customer in Italy.

Rolling Optics did nothing to encourage or induce EnoItalia S.p.A. to sell, offer to sell or import the Luna di Luna products into the United States.

Moreover, Rolling Optics was not aware that the products were going to be sold in or imported into the United States.  Accordingly, Rolling Optics did not induce infringement of the '360 patent.

Finally, the labels in question do not contain "microstructured icon elements having a physical relief formed as shaped voids or recesses, or as shaped posts, or both."  Consequently, Rolling Optics is not infringing this claim, either directly or indirectly.  Moreover, as the Court confirmed on May 26, 2015 in *Commil USA, LLC v. Cisco Systems, Inc.*, 575 U.S. ___ (2015), if a defendant concludes that there is no infringement, based on a reading of the patent's claims that is different from the plaintiffs, which reading is reasonable, he is *not* liable for inducing infringement.

### Document Production

Copies of the prior art references identified above are being produced, but most are also publicly available.  Other documents that support these contentions include the file histories for the patents-in-suit, and all related parent and provisional applications, which are already in plaintiffs' possession.  Rolling Optics has produced exemplars of the accused foils or labels in

tangible form, as well as the underlying designs in electronic form.  Exemplars of prior art items Y and Z are available for inspection and review at the offices of counsel for Rolling Optics.

The current process is described in PCT application WO 2014/070079, which is publicly available, and in a conceptual diagram that has been produced to plaintiffs.  The process formerly used is also described in a separate conceptual diagram that has been produced to plaintiffs.

Dated: September 10, 2015

>  */s/ Robert H. Stier, Jr.*
> Robert H. Stier, Jr. (BBO# 646725)
> Nolan L. Reichl (BBO# 668498)
> PIERCE ATWOOD LLP
> Merrill's Wharf
> 254 Commercial Street
> Portland, ME  04107
> Telephone: (207) 791-1100
> Facsimile: (207) 791-1350
> rstier@pierceatwood.com
> nreichl@pierceatwood.com
>
> *Attorneys for Defendant/Counterclaimant Rolling Optics AB*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party electronically via the CM/ECF system on September 10, 2015.
.

>  */s/ Robert H. Stier, Jr.*
> Robert H. Stier, Jr. (BBO# 646725)