**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CRANE SECURITY TECHNOLOGIES, INC., AND VISUAL PHYSICS, LLC, | No. 14-cv-12428-LTS |
| Plaintiffs/Counterclaim defendants, | |
| v. | LEAVE TO FILE UNDER SEAL GRANTED ON 4/19/2018 (ECF 402) |
| ROLLING OPTICS AB, | SUBJECT TO PROTECTIVE ORDER |
| Defendant/Counterclaimant. | |

## ROLLING OPTICS AB'S MEMORANDUM OF LAW IN SUPPORT OF ITS OMNIBUS MOTION IN *LIMINE* (NOS. 3-17)[1]

Rolling Optics AB, defendant and counterclaimant, moves pursuant to Federal Rules of Evidence 401, 403, and 702, and the Court's Pretrial Scheduling Order (ECF 377), to exclude testimony and evidence presented by plaintiffs Crane Security Technologies, Inc. and Visual Physics, LLC (collectively "plaintiffs") on the issues more fully described below.

## LEGAL STANDARD

Evidence should be excluded under Rule 402 where it is not relevant to any issues at hand. *See United States v. Flemmi*, 402 F.3d 79, 86 (1st Cir. 2005). Even if relevant, evidence should be excluded under Rule 403 when "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

[1] Rolling Optics has filed two other motions in *limine*: (1) Rolling Optics AB's Motion to Exclude Expert Testimony of Larry Felix (Rolling Optics' MIL No. 1) (ECF 403-405); and (2) Rolling Optics AB's Motion to Limit Expert Testimony of Christopher Vellturo to His Computation of Reasonable Royalty Damages (Rolling Optics' MIL No. 2) (ECF 406-408).

Together, Rules 702, 402, and 403 ensure that the jury is presented with testimony that both rests on a reliable foundation and is relevant to the task at hand. *Hochen v. Bobst Grp, Inc.*, 290 F.3d 446, 452 (1st Cir. 2002), *quoting Daubert*, 509 U.S. at 597.

**ARGUMENT**

## I. MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO [redacted]

For the reasons more fully set forth in Rolling Optics' memoranda of law in support of it motions to exclude expert testimony of Larry Felix (ECF 403-405) and to limit the expert testimony of Christopher Vellturo (ECF 406-408), evidence relating to [redacted], or to plaintiffs is not relevant to the issues for trial and any probative value is substantially outweighed by the danger of unfair prejudice to Rolling Optics and of misleading the jury and confusing the issues. Fed. R. Evid. 402, 403.

Plaintiffs do not make or sell banknotes, nor are the asserted patents limited to currency applications. Even if plaintiffs did make banknotes, infringement analysis requires a comparison of the accused products to the patent claims, and not to plaintiffs' commercial embodiment of the patented technology. Moreover, to the extent that plaintiffs seek to introduce industry praise of the technology, which Rolling Optics contends is itself not relevant to any issue for trial, that praise must be specific to the claimed invention, which is a micro-optic system for synthetic magnification of images and not, as plaintiffs' focus suggests, currency or banknotes.

## II. MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE AND ARGUMENT THAT THE [redacted].

Plaintiffs' purported intent to limit application of the patented technology to banknotes or to anti-counterfeiting technologies for currency is not relevant to any issue for trial. The simple fact is that plaintiffs do not own or control the rights to technology that might yield Unison-like features. Nor are the asserted patents entitled to extraterritorial enforcement to prevent otherwise infringing products from being made and sold abroad. Therefore, plaintiffs' allegations of harm to [redacted] are not tied to the facts of this case. That alleged harm exists whether or not Rolling Optics makes and sells its products.

And, of course, plaintiffs' alarm about the [redacted] and is thus contributing to the threat of [redacted]. Plaintiffs' evidence and arguments relating to any intent to limit application of the patented technology to currency applications or to control the technology in ways to combat counterfeiting should be excluded as not relevant and because the probative value is greatly outweighed by the risk of unfair prejudice, misleading the jury, and confusion of the issues.

## III. MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO THE EFFECT OF A VERDICT, INCLUDING WITHOUT LIMITATION THE ALLEGED HARM TO OR PROTECTION OF CURRENCY MARKETS OR THE EFFECT ON EITHER PARTY.

The effect of a verdict on any party is not relevant to any issue for trial. Further, any suggestion that enforcement of the patents-in-suit [redacted]

[redacted] is inaccurate and is not supported by a reliable expert opinion. *See* ECF 404, at 5-10; *see also* ECF 407, at 3-4.

## IV. MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO THE REPUTATION OR CHARACTER OF ANY ENTITY OTHER THAN THE PARTIES CRANE SECURITY TECHNOLOGIES, INC., VISUAL PHYSICS, LLC, OR ROLLING OPTICS AB.

Plaintiffs propose to offer evidence of acclaim for Crane entities that are not parties to this lawsuit. As an example, plaintiffs list as exhibits articles titled "Crane has provided paper for U.S. money for centuries; now it's going global" and "Banknote and currency services provider of the year: Crane Currency." *See* Joint Pretrial Memorandum, Ex. B (Pls' Exs AD & AE). Plaintiffs do not supply paper for U.S. currency, nor do they make or sell banknotes. And Crane Currency, which is the supplier of currency paper and banknotes, is not a party to this action. Industry praise for Crane Currency and its products could not be relevant for that reason alone.

But, in addition, evidence of industry praise is typically admissible only on such issues as non-obviousness, which is not at issue in this case. To the extent that evidence of the reputation or character of one of the three parties to this case, it should be limited to the specific the three named parties and exclude any other Crane entity.

## V. MOTION IN LIMINE NO. 7 TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO INDUSTRY PRAISE THAT IS NOT SPECIFIC TO THE CLAIMED INVENTIONS OF THE ASSERTED CLAIMS OR TO THE ACCUSED PRODUCTS.

Evidence of praise for a patented invention, industry awards, and statements by members of the industry are relevant to the issue of non-obviousness. *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1335 (Fed. Cir. 2016). That is not at issue for this trial, and so such evidence for that purpose should be excluded as not relevant.

To the extent such evidence may be relevant to other issues, Rolling Optics seeks an order to exclude evidence of industry praise that is not specific to the claimed invention or to the accused products or that is otherwise inadmissible, such as statements consisting of hearsay, praise of products or features unrelated to the claimed invention, or cumulative, prejudicial, confusing or misleading evidence. *See Hynix Semiconductor Inc. v. Rambus Inc.*, No. 00-cv-20905, 2009 WL 112834, at *14 (N.D. Cal. Jan. 16, 2009) (redacting substantial portions of an article, but admitting portion describing an award bestowed on inventor).

## VI. MOTION IN LIMINE NO. 9 TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO THE REVENUES, PROFITS (NET OR GROSS), MARKET SHARE, MARKET OPPORTUNITY, OR ANY OTHER FINANCIAL INDICATOR REGARDING ANY PARTY OR NON-PARTY.

Plaintiffs should be barred from presenting evidence or argument disclosing any party's (or any Crane entity's) revenues, profits, market share, market opportunity, or financial growth. As the Federal Circuit has observed, "disclosure to the jury of the overall product revenues 'cannot help but skew the damages horizon for the jury, regardless of the contribution of the patented component to this revenue.'" *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 68 (Fed. Cir. 2012), *quoting Uniloc*, at 1320 (noting that "the $19 billion cat was never put

back into the bag," and that neither cross-examination nor a curative jury instruction could have offset the resulting unfair prejudice).

Evidence of overall revenues, profits, the dollar value of market opportunities, and similar financial information that is not limited to the value of the patented feature alone "only serve to make a patentee's proffered damages amount appear modest by comparison, and to artificially inflate the jury's damages calculation beyond that which is 'adequate to compensate for the infringement.'" *Id.; see also* 35 U.S.C. § 284.

## VII. MOTION IN LIMINE NO. 10 TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO COURT'S PRIOR RULINGS OR THE PARTIES' MOTIONS, EXCEPT AS THE COURT WILL EXPLAIN TO THE JURY.

The parties' prior motions in this litigation are not evidence; they are argument and should not be admissible at trial through testimony, exhibits, or argument. The parties' motions are also not relevant for the simple reason that they do not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable." Fed. R. Evid. 402. To the extent that evidence is cited in the motions or their supporting memoranda of law, the parties ought already have included such evidence in their exhibit lists.

Likewise, evidence and argument relating to the Court's prior rulings in this case – except to the extent that the Court elects to instruct the jury on matters such as claim construction, dispositive rulings, or established facts – should be excluded because of the danger of unfair prejudice, misleading the jury, and confusion of the issues. *See Faigan v. Kelly*, 184 F.3d 67, 80 (1st Cir. 1999) ("A lay jury is quite likely to give special weight to judicial findings merely because they are judicial findings. Consequently, courts, recognizing the attendant

danger of jury confusion and unfair prejudice, frequently have approved the exclusion of judicial findings, convictions, and similar evidence on Rule 403 grounds.")

## VIII. MOTION IN LIMINE NO. 11 TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO DOCUMENT RETENTION POLICES, COMPLIANCE THEREWITH, OR TO ALLEGATIONS OF SPOLIATION OF EVIDENCE OR OF DISCOVERY DEFICIENCIES.

It would be improper, irrelevant, unfairly prejudicial, and confusing to the jury for the parties to refer to or re-litigate discovery disputes at trial. Courts routinely preclude evidence of discovery disputes or complaints as not relevant. *Long v. Fairbank Farms Reconstruction Corp.*, No. 1:09-cv-592, 2011 WL 5386599, *1 (D. Me. Oct. 25, 2011) (limiting "any discussion of prior discovery disputes that would distract the jury from the key issues remaining for resolution"); *Waters v. Genesis Health Ventures, Inc.*, 400 F. Supp. 2d 814, 819-20 (E.D. Pa. 2005) ("We repeat our admonition that we will not permit evidence at trial of discovery disputes as these contentious disputes are entirely irrelevant to the substance of Plaintiff's … claim.").

Any minimal probative value there may be would be substantially outweighed by the countervailing concerns of Federal Rule of Evidence 403. *See Briggs & Stratton Corp. v. Kohler Co.*, No. 05-C-0025-C, 2005 WL 3447979, *5-6 (W.D. Wis. Dec. 15, 2005) (holding evidence of the defendant's alleged litigation misconduct would be precluded at trial because any probative value of the evidence as it relates to willful infringement was low and substantially outweighed by the danger of confusing the issues and misleading the jury, and it would waste time).

## IX. MOTION IN LIMINE NO. 12 TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO EXHIBITS IN A LANGUAGE OTHER THAN ENGLISH FOR WHICH THE ACCURACY OF THE TRANSLATION IS IN DISPUTE.

For translated documents for which the parties have a dispute about the accuracy of the translation, the opposing party should be given an opportunity to present the testimony of its author or other evidence of the accuracy of the translation. The question of which translation is most accurate is a credibility determination, and thus a question for the jury. *See, e.g., Mitsubishi Chem. Corp. v. Barr Labs., Inc.*, 435 F. App'x 927, 932 (Fed. Cir. 2011).

## X. MOTION IN LIMINE NO. 13 TO EXCLUDE EVIDENCE AND ARGUMENT SUGGESTING A PRESUMPTION OF VALIDITY FOR ANY PATENT.

Plaintiffs should not be permitted to present evidence, testimony, or argument suggesting any presumption of validity of the patents-in-suit. Such a presumption is not evidence. *See Avia Grp. Int'l, Inc. v. L.A. Gear Cal., Inc.*, 853 F.2d 1557, 1562 (Fed. Cir. 1988); *see also SSIH Equip. S.A. v. U.S. Int'l Trade Comm'n*, 718 F.2d 365, 375 (Fed. Cir. 1983) ("The presumption of validity afforded by 35 U.S.C. § 282 does not have independent evidentiary value."). As such, a presumption of validity should not be presented as evidence or argued at trial. *See Presidio Components Inc. v. Am. Tech. Ceramics Corp.*, No. 08-cv-335-IEG (NLS), 2009 WL 3822694, at * 1 (S.D. Cal. Nov. 13, 2009) (reaffirming decision to exclude all reference at trial to the presumption of validity); *Alloc*, 2007 WL 5289735, at * 1 ("In the interest of making concepts as clear to the jury as possible, the court will direct that the parties refrain from referring to the 'presumption of validity,' since the parties may refer to the same concept as the [accused infringers'] burden of proof"); *Voda v. Cordis*, No. CIV-03-1512-L, 2006 WL 5347777, at * 2 (W.D. Ok. May 10, 2006) (holding that presumption of validity was not evidence and precluding

the mention of the presumption of validity to the jury in light of the fact that the court would instruct the jury on the burden of proof).

Moreover, the presumption is already subsumed by the instruction the Court will provide to the jury on the burden of proof of invalidity by clear and convincing evidence. *Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247, 1258-59 (Fed. Cir. 2004) ("The presumption of validity and heightened burden of proving invalidity 'are static and in reality different expressions of the same thing-a single hurdle to be cleared. (citation and alterations omitted).

As the First Circuit has noted, "[o]bviously, it would be most confusing to a jury to have legal material introduced as evidence and then argued as to what the law is or ought to be." *Getty Petroleum Mktg., Inc. v. Capital Terminal Co.*, 391 F.3d 312, 332 n.26 (1st Cir. 2004) (internal citations omitted). This is especially true in this patent case, where the standards of proof and the appropriate application of those standards are technically complex and require clear, concise and neutral guidance.

## XI. MOTION IN LIMINE NO. 14 TO EXCLUDE EVIDENCE AND ARGUMENT SUGGESTING THAT THE APRIL 26, 2010 LETTER FROM CRANE MICRO-OPTICS SOLUTIONS TO ROLLING OPTICS PROVIDED NOTICE OF ANY PATENT-IN-SUIT OTHER THAN THE '842 PATENT.

Plaintiffs should be barred from arguing that Rolling Optics knew, should have known about, or had any duty to investigate any patent-in-suit other than the '842 patent after Rolling Optics received the April 26, 2010 letter from Crane Micro-Optics Solutions. As of April 26, 2010, Rolling Optics could not have known about any patent other than the '842 patent because *none of the other patents-in-suit had issued yet.* Plaintiffs' reference to its "patent family" did not, and legally could not, provide notice of any other patent-in-suit. Moreover, "[a] party's failure to exercise due care in investigating patents is unquestionably insufficient to support a

finding of willfulness." *Huawei Techn. Co., Ltd. v. T-Mobile US, Inc.*, No. 2:16-CV-00052-JRG-RSP, at 10 (E.D. Tex. Sep. 15, 2017) (Order on Motions *In Limine*).

Because the April 26, 2010 could not legally operate to notify Rolling Optics of the existence of any patent other than the '842 patent, plaintiffs should be barred from suggesting or arguing that Rolling Optics' sale or shipment of any product prior to December 6, 2012 constitutes willful infringement of any of the other patents-in-suit. Likewise, plaintiffs should be barred from suggesting or arguing that Rolling Optics induced infringement prior to December 6, 2012 of any of the other patents-in-suit because inducement requires proof of Rolling Optics' *actual knowledge* not only of the asserted patents but that the acts it was encouraging constituted infringement of those patents. *See Commil USA, LLC v. Cisco Sys., Inc.*, 720 F.3d 1361, 1367 (Fed. Cir. 2013).

## XII. MOTION IN LIMINE NO. 15 TO EXCLUDE EVIDENCE AND ARGUMENT INCONSISTENT WITH THE COURT'S CLAIM CONSTRUCTION, INCLUDING WITHOUT LIMITATION ARGUMENTS OR EVIDENCE THAT PRINTING ON A NON-POROUS SUBSTRATE DOES NOT PRODUCE "SHAPED POSTS."

Both sides should be precluded from presenting any evidence, statements, or arguments, including expert testimony, inconsistent with this Court's claim construction. *See, e.g., Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1321 (Fed. Cir. 2009) ("Once a district court has construed the relevant claim terms, … then that legal determination governs for purposes of trial. No party may contradict the court's construction to a jury."). Plaintiffs, in particular, should be precluded from presenting evidence or arguments that depart from the positions that they have advanced in support of the Court's construction of "shaped posts," namely that printing on a non-porous substrate can create a physical relief that falls within the definition of "shaped post." *See* Markman Tr. 79:18-80:23 (counsel for plaintiffs' argument that printing is one method for

forming the physical relief for microstructures with the exception of printing on paper, a porous substrate, which would absorb the ink).

## XIII. MOTION IN LIMINE NO. 16 TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO ANY FOILS MADE BY ROLLING OPTICS OTHER THAN THE ACCUSED FOILS.

Plaintiffs should be precluded from presenting evidence relating to Rolling Optics' foils or products that have not been accused of infringing the asserted patents. Evidence, even if relevant, should be excluded under Rule 403 where "its probative value is substantially outweighed by a danger of one or more of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The probative value of Rolling Optics having manufactured, offered for sale, or sold products that are not accused of infringing the asserted patents is minimal. Whether Rolling Optics' accused products infringe the patents-in-suit is based on whether the accused products include the elements of the asserted claims, and not the number of product lines Rolling Optics has. The unfair prejudice to Rolling Optics is also substantial. A jury may improperly draw inferences about Rolling Optics' intent in offering the accused products or other improper inferences relating to products that are not relevant in this action.

## XIV. MOTION IN LIMINE NO. 17 TO EXCLUDE EVIDENCE AND ARGUMENT THAT ANY ADVERSE INFERENCE SHOULD BE DRAWN FROM ROLLING OPTICS' ELECTION NOT TO WAIVE THE ATTORNEY-CLIENT PRIVILEGE WITH RESPECT TO OPINION OF COUNSEL OR FREEDOM TO OPERATE GUIDANCE.

The Federal Circuit's decision in Knorr-Bremse definitively established that no adverse inference is to be drawn by virtue of the fact that a defendant asserts the privilege over the advice

of counsel. *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1344 (Fed. Cir. 2004) (en banc) ("Although this court has never suggested that opinions of counsel concerning patents are not privileged, the inference that withheld opinions are adverse to the client's actions can distort the attorney-client relationship, in derogation of the foundations of that relationship. We conclude that a special rule affecting attorney-client relationships in patent cases is not warranted.").

Plaintiffs have agreed that they will not seek an adverse inference from Rolling Optics' election not to waive the attorney-client privilege and rely on an advice of counsel defense. However, plaintiffs expressly stated that they intend to argue that Rolling Optics' infringement following advice of counsel demonstrates willful infringement. But this is also improper because "the jury would nevertheless be left to speculate why [Rolling Optics] would not reveal its counsel's opinion. It is inescapable that the jury would likely conclude that [Rolling Optics] received an unfavorable opinion, otherwise [Rolling Optics] would reveal it. This is precisely the negative inference Knorr prohibits." *McKesson Info. Solutions, Inc. v. Bridge Med., Inc.*, 434 F. Supp. 2d 810, 812 (E.D. Cal. 2006); *see also Golden Blount, Inc. v. Robert H. Peterson Co.*, 438 F.3d 1354, 1368 (Fed. Cir. 2006). ("'The patentee must present threshold evidence of culpable behavior' before the burden of production shifts to the accused to put on evidence that it acted with due care. That threshold showing cannot be satisfied merely by proof that the accused is asserting the attorney-client privilege to withhold an opinion of counsel.") (emphasis added).

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), counsel for Rolling Optics and counsel for plaintiffs exchanged their respective proposed motions in *limine* and thereafter exchanged their respective responses, identifying specific motions to which each side would agree, agree subject to

conditions, or oppose. The parties thereby attempted in good faith to resolve the issues presented in this motion, but were unable to do so.

Dated: April 20, 2018

*/s/ Margaret K. Minister*
Robert H. Stier, Jr. (BBO# 646725)
Margaret K. Minister (BBO# 624975)
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, ME 04107
Telephone: (207) 791-1100
Facsimile: (207) 791-1350
rstier@pierceatwood.com
mminster@pierceatwood.com

*Attorneys for defendant/counterclaimant Rolling Optics AB*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on April 20, 2018.

*/s/ Margaret K. Minister*
Margaret K. Minister