UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CRANE SECURITY TECHNOLOGIES, INC. and VISUAL PHYSICS, LLC, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 14-12428-LTS |
| ROLLING OPTICS AB, | ) ) | |
| Defendant. | ) ) ) | |

ORDER REGARDING TESTIMONY OF PROFESSOR JAMES R. LEGER

April 27, 2018

SOROKIN, J.

On February 8, 2016, the Court construed the claim term "shaped posts" to mean "icons 'shaped as pieces fixed in an upright position.'" Doc. No. 155 at 13. The Court "decline[d] to construe 'shaped posts' as meaning 'mesas.'" Id. at n. 5. The parties' briefing preceding the Court's claim construction "boil[ed] down to whether the term 'shaped posts' encompasses printed icon elements." Id. at 10. Rolling Optics never sought reconsideration or clarification on its subsequent theory that "upright position" prescribes a taller-than-wide limitation. The parties proceeded to complete discovery. In its own motion for summary judgment and its opposition to Crane's motion for summary judgment, Rolling Optics advanced the position that certain of its products did not infringe because the relevant portions of the products were wider-than-tall and, thus, necessarily not "shaped posts." The issue was fully developed during extensive serial briefing. Doc. No. 357 at 29 n. 16. On January 26, 2018, in its Order on Summary Judgment, the Court "reject[ed] RO's argument that the meaning of the term 'shaped post' whether as stated

in the patent or as construed by the Court is limited to those objects that are taller than wide." Id. at 29. At that time, the Court specifically noted that "RO has never contended that the issue in any way could require further discovery." Id. at 29 n. 16. The Court directed the parties to promptly file a joint status report addressing, among other things, the discovery, if any, that either side thought was warranted prior to trial. Id. at 34. Rolling Optics moved for clarification or reconsideration of the Court's ruling on shaped posts on February 2, 2018. Doc. No. 361. The Court denied this motion on February 7, 2018. Doc. No. 364.

In the joint status report filed on February 9, 2018, Rolling Optics stated that it was securing a supplemental expert report by Professor James R. Leger in light of the shaped posts rulings in the Court's summary judgment order. Doc. No. 367 at 4. At the time that the joint status report was filed, Crane had not seen this supplemental report. Id. at 6. Rolling Optics did not then seek or propose a period for supplemental expert discovery. While it did propose that the Court permit it to supplement Leger's prior report, Rolling Optics did not offer to make Leger available for deposition; it did not propose a period for further expert disclosures or discovery in light of this report; nor did it explain in any way how such a period might affect the selection of the trial date or any other issues. In addition, Rolling Optics did not identify the specific aspects of Leger's prior opinion that Leger wished to amend in light of the rulings made in the Court's Order on Summary Judgment, nor did Rolling Optics then provide the Court a copy of the Second Supplemental Declaration, dated February 9, 2018, that Rolling Optics proposed. Four days later, on February 13, 2018, the Court scheduled trial commencing on April 30, 2018, resolved various matters set forth in the parties' joint status report, and, after denying Rolling Optics' request to reopen discovery on a different matter, ruled, "Likewise, the Court will not allow additional expert discovery," thus rejecting Rolling Optics' request for permission

to rely upon a supplemental expert report created long after the close of expert discovery.  Doc. No. 368.  Rolling Optics has never sought reconsideration or clarification of that February 13, 2018 Order.  However, Rolling Optics indicated at the final pretrial conference on April 26, 2018 its intent to elicit from Prof. Leger opinions set forth in the Second Supplemental Declaration. Crane opposes this effort.

Prof. Leger may not testify or rely upon opinions set forth in the Second Supplemental Declaration.  First, the report is untimely and, therefore, excluded.  Second, the Court's decision on summary judgment did not make a material change to the construction of the claim term "shaped posts"; thus, there is no basis for reopening expert discovery.  Third, the time to raise the "shaped posts" construction in relation to expert discovery has passed.  Rolling Optics did not raise the issue in response to the Court's claim construction ruling.  Moreover, in the course of the summary judgment briefing, when the issue was fully vetted by the parties, Rolling Optics did not seek as an alternative the opportunity to reopen expert discovery in a narrow way in the event the Court ruled as it did on summary judgment.  Fourth, even when it did raise the issue somewhat (in the joint status report filed in February 2018), Rolling Optics did not (and still has not) identified the specific changes to Leger's opinion that it says were occasioned by the rulings in the Court's summary judgment order, nor did it propose any reopening of expert discovery to permit a rebuttal report or supplemental deposition.  Fifth, the Second Supplemental Declaration states, "I have read the summary judgment ruling and understand it to conclude that 'shaped posts' include 'mesas' and that any material projecting from a substrate, regardless of its shape or dimensions, is deemed to be a 'shaped post.'"  Second Supplemental Decl. of James R. Leger, Ph.D., filed in open court on April 26, 2018, at ¶ 3. Prof. Leger's "understanding" of the Court's construction of the term "shaped posts" and its rulings in the Order on Summary Judgment is

plainly wrong, in that it announces assumptions about the term that are clearly beyond the

bounds of the Court's order.  It is so plainly wrong as to render his entire Second Supplemental

Declaration inadmissible as unreliable, irrelevant, and posing too great a risk of confusion.

Accordingly, the Court EXCLUDES the Second Supplemental Declaration of James R.

Leger, Ph.D. and EXCLUDES any testimony, evidence, or reliance upon that declaration.  Prof.

Leger's testimony shall be limited to the opinions and statements disclosed during expert

discovery.


SO ORDERED.


 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge